# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44239

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 484 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 2, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRADLEY CLYDE GOODRICH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of five years, for sexual battery of a minor child sixteen or seventeen years of age and a concurrent unified sentence of five years, with a minimum period of confinement of two years, for possession of a controlled substance, affirmed.

Bradley B. Poole, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; MELANSON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Bradley Clyde Goodrich pled guilty to sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A, and possession of a controlled substance, I.C. § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Goodrich to a unified term of twenty years, with a minimum period of confinement of five years, for sexual battery of a minor child sixteen or seventeen years of age and a concurrent

1

unified term of five years, with a minimum period of confinement of two years, for possession of a controlled substance. Goodrich appeals.

Goodrich asserts that his sentences are excessive and that the district court should have retained jurisdiction. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

Goodrich also asserts as an issue on appeal that his medical condition interfered with his ability to knowingly enter a guilty plea. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Because Goodrich failed to support this issue with argument or authority, we will not consider it.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Goodrich's judgment of conviction and sentences are affirmed.